UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHARLES BOWLDS, | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO. : 1:05-CV-61-TS |
| GRANT COUNTY JAIL, *et al.*, | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Charles Bowlds, a *pro se* prisoner, submitted an Amended Complaint under 42 U.S.C. § 1983 against the Grant County Jail, Sheriff Ottis Archey, Jail Sergeant Weaver, and unknown jail officials. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

## COMPLAINT ALLEGATIONS

On October 29, 2003, the Plaintiff was transported from the Correctional Industrial Facility to the Grant County Jail. While he was at the Grant County Jail, an inmate and an unnamed deputy sheriff got into an argument. After the inmate involved in the argument refused orders to get in his cell, the deputy sheriff ordered all the inmates into their cells. The cell doors closed before all the inmates, including the Plaintiff, were able to return to their cells. For over an hour, the inmates who were locked out asked to be let in to their cells. The Plaintiff claims that several officers arrived in riot gear and the inmates were ordered to stand in front of their cells. Although the inmates complied, the Plaintiff alleges that Sergeant Weaver accused the Plaintiff of not wanting to go into his cell, and then aimed and fired a shot from an unidentified weapon at the Plaintiff's face. However, the Plaintiff put his arm up and was hit in the forearm instead. Sergeant Weaver shot him again at least four more times in his upper body.

The Plaintiff alleges that some of the other officers tried to talk Sergeant Weaver out of shooting him, but they did not physically try to stop him. Forty-five minutes later the Plaintiff was treated in the infirmary and given alcohol pads and antibiotic cream, but was not given any pain medication. The Plaintiff filed a grievance regarding the shooting.

While at the jail, the Plaintiff was forced to sleep on a mattress on the floor with the toilet and sink only a few feet away, and the conditions were unsanitary and susceptible to air borne disease.

**DISCUSSION**

**COUNT I**

The Plaintiff alleges that Sergeant Weaver violated his rights because he inflicted cruel and unusual punishment when he maliciously and sadistically shot the Plaintiff five times, causing him physical pain and mental and emotional distress.

The United States Supreme Court has addressed an Eighth Amendment claim in the context of a prison disturbance:

> Where a prison security measure is undertaken to resolve a disturbance, such as occurred in this case, that indisputably poses significant risks to the safety of inmates and prison staff, we think the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. As the District Judge correctly perceived, such factors as the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted are relevant to that ultimate determination. From such considerations inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur. But equally relevant are such factors as the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response.

*Whitley v. Albers*, 475 U.S. 312, 321 (1986) (citations, ellipsis, and quotation marks omitted); *see also Hudson v. McMillian* 503 U.S. 1, 6–7 (1992) (holding that "whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in *Whitley*: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm").

The Plaintiff has alleged that Sergeant Weaver, a deputy sheriff assigned to the jail, acted maliciously and sadistically for the very purpose of causing the Plaintiff harm. The Plaintiff

3

contends that Sergeant Weaver shot him despite the Plaintiff's compliance with his orders. The Plaintiff's Amended Complaint alleges sufficient facts to allow him to proceed on his Eighth Amendment claim against Sergeant Weaver.

**COUNTS II, VI, & VII**

In Count II, the Plaintiff alleges that the unnamed Defendants who hid behind protective shields are liable because they condoned Sergeant Weaver's behavior. In Count VI, the Plaintiff contends that Sheriff Archie is liable by virtue of his position as sheriff and his obligation to publish rules and regulations. He also alleges, in Count VII, that Sheriff Archie is responsible because he failed to properly train Sergeant Weaver in the use of weaponry.

Section 1983 creates a cause of action for damages based on personal liability. A person cannot be held liable under § 1983 unless the person was personally involved in the alleged wrongdoing. A plaintiff must establish facts showing the defendant's participation or direct responsibility for the conditions of which he complains, *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). The doctrine of respondeat superior, under which an employer or supervisor may be held liable for an employee's actions, has no application to § 1983 actions. *Moore v. Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993).

> Supervisory liability will be found, however, if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it. That is, to be liable for the conduct of subordinates, a supervisor must be personally involved in that conduct. Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable. The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference.

4

*Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations and quotation marks omitted).

In this case, neither the unknown officers nor Sheriff Archie shot the Plaintiff. The Plaintiff does not allege that the Sheriff has a practice of locking inmates out of their cells and then allowing officers to shoot them, or that the Sheriff knew that Sergeant Weaver was going to shoot the Plaintiff during the incident. These defendants were not personally responsible for the actions of Sergeant Weaver and will be dismissed.

**COUNTS III & IV**

The Plaintiff alleges that he was punished without a hearing and without sufficient time to comply with the order. (Amd. Comp., Count III.) He asserts that jails in Indiana must provide prisoners with written rules and regulations and that he was not told anything about the jail, what behaviors were prohibited, or what sanctions applied to a particular violation. (Amended Comp., Count IV.)

The Plaintiff seems to be arguing that he was shot as a form of corporal punishment for not being in his cell. (Amended Comp. at 2.) He argues that his rights were violated because he was not given his due process rights pursuant to *Wolff v. McDonnell*, 418 U.S. 539 (1974), and *Walpole v. Hill*, 472 U.S. 445 (1985), before Sergeant Weaver shot him. However, the Plaintiff does not allege that he was ever charged with disciplinary action as a result of being locked out of his cell. The due process rights the Plaintiff alleges he was denied apply when a prisoner's protected liberty interest is affected by a change in the fact or duration of a prisoner's sentence. In this case, the Plaintiff's

5

sentence was not affected. Therefore the rights in *Wolff* and *Walpole* do not apply and these claims will be dismissed.

**COUNTS V & VIII**

The Plaintiff alleges that the jail does not have a system so that prisoners can "grieve abuses" and "deprivations of privilege," and that the jail "creates ambiguities" in how prisoners will be treated. (Amd. Comp., Count V.) As an example, the Plaintiff says he was the only prisoner shot even though other inmates were also out of their cells. The Plaintiff also says that the jail's failure to respond to the grievance he filed before he left the jail violated his First Amendment right to free speech. (Amd. Comp., Count VIII.)

The First Amendment's right to redress of grievances is satisfied by the availability of a judicial remedy, *Azeez v. DeRobertis*, 568 F.Supp. 8, 10 (N.D. Ill. 1982), and the Constitution does not require a grievance system, *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Moreover, the Fourteenth Amendment does not protect state-created inmate grievance procedures, and alleged violations of these grievance procedures do not state a claim under § 1983. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.), *cert. denied*, 488 U.S. 898 (1988); *Azeez v. DeRobertis*, 568 F. Supp. at 8. The First Amendment right to petition the government for a redress of grievances protects a person's right to complain to the government that the government has wronged him. The Plaintiff's right to petition for a redress of grievances was not infringed; he filed a grievance. He complains he did not receive an answer, but failure to receive an answer is not actionable. In this case, the Plaintiff has no constitutional right to a grievance system, nor to an answer if he does file a grievance, only to petition for redress. This part of his claim fails to state a claim.

6

The Plaintiff says he was treated differently from other inmates because he was the only one shot. The Fourteenth Amendment's guarantee of equal protection is a right to be free from invidious discrimination in statutory classifications or other governmental activity, *Harris v. McRae*, 448 U.S. 297, 322 (1980); *Shango v. Jurich*, 681 F.2d 1091, 1103 (7th Cir. 1982), but does not extend to erroneous, or even arbitrary, administration of state powers. Equal protection "does not require absolute equality or precisely equal advantages." *French v. Heyne*, 547 F.2d 994, 997 (7th Cir. 1976). The constitution is not violated where a person simply is treated unfairly as an individual. *Travtvetter v. Quick*, 916 F.2d 1140, 1149 (7th Cir. 1990) (citing *Huebschen v. Dep't of Health and Social Servs.*, 716 F.2d 1167, 1171 (7th Cir. 1983)). The Plaintiff does not allege that he was treated differently from other inmates because of membership in a particular group, but only that he was mistreated by Sergeant Weaver. He states no claim under the equal protection clause.

**COUNT IX**

The Plaintiff alleges that due to overcrowding at the jail he had to sleep on a dirty mattress on the floor, that the toilet and sink were a few feet away, and that the conditions were unsanitary. (Amd. Comp., Count IX.) He also contends that the Defendants are liable to him for their deliberate indifference to his medical needs. (*Id.*)

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Eighth Amendment requires that prison officials ensure that inmates

7

receive adequate food, clothing, and shelter, *Farmer* at 832, but conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of Constitutional violations, *Adams v. Pate*, 445 F.2d 105, 108–09 (7th Cir. 1971). Sleeping on the floor on a mattress a few feet from the sink and toilet in conditions he describes as unsanitary is undoubtedly inconvenient, uncomfortable, and unpleasant, but it did not deny the Plaintiff the minimal civilized measure of life's necessities and it did not violate his Constitutional rights. *See Robeson v. Squadrito* 57 F. Supp. 2d 642, 647 (N.D. Ind. 1999) ("Sleeping on a mattress on the floor, without aggravating circumstances (e.g., no mattress, low temperature without blankets, unreasonable vermin infestation), is not of constitutional magnitude.").

The conditions of confinement alleged by the Plaintiff are not, under an objective standard, sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities. The Plaintiff's Complaint does not state the deprivation of a federal right and this claim will be dismissed.

The Plaintiff also alleges that he was denied adequate medical care. In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Inadvertent error, negligence, gross negligence and ordinary malpractice

8

are not cruel and unusual punishment within the meaning of the Eighth Amendment. *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996).

In this case the Plaintiff says that after the shots caused bruising, swelling, and bleeding he was taken to the infirmary and his wounds were cleaned and he was given alcohol pads and antibiotic cream for his injuries, but was not given pain medication. (Amd. Comp., Count IX.) He contends that the medical staff's primary concern appeared to be on avoiding infection, and that the reason he was not provided pain medication was so the Defendants could avoid liability by claiming that his injuries were minor.

First, the Court notes that it cannot be reasonably inferred from the Amended Complaint that the named Defendants were personally involved in the decision not to prescribe pain medication, despite the Plaintiff's allegation that they are responsible, collectively and individually for his injuries and the subsequent deliberate indifference to his medical needs. The Plaintiff himself alleges that it was the medical staff who treated his injuries. Moreover, prisoners are not entitled to any particular treatment, and disagreement with a physician over a course of medical treatment states no claim under 42 U.S.C. § 1983. *Wellman v. Faulkner*, 715 F.2d 269 (7th Cir. 1983) (a mere disagreement with a physician over a course of medical treatment states no claim under § 1983). That medical personnel see and treat an inmate normally establishes lack of indifference to his medical problems. *Estelle v. Gamble*, 429 U.S. at 107–08. The Plaintiff was treated for his injuries to avoid infection. That he was not also provided pain medication was not "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition." *Snipes v. De Tella*, 95 F.3d 586, 592 (7th Cir. 1996) (quoting *Thomas v. Pate*, 493 F.2d 151, 158 (7th Cir. 1974), *vacated and remanded on other grounds sub nom., Cannon v. Thomas*, 419

U.S. 813 (1974)). In fact, the staff's treatment was intended to avoid aggravation of the wounds by infection. Therefore these claims will be dismissed.

## CONCLUSION

For the foregoing reasons, the Court:

(1) Renders the Plaintiff's Motion to Amend Complaint [DE 8] **MOOT** and **GRANTS** the Plaintiff leave to proceed against Sergeant Weaver in his individual capacity for monetary damages for an excessive use of force in violation of the Eighth Amendment when he shot the Plaintiff;

(2) **DISMISSES** all other claims and Defendants;

(3) **DIRECTS** the clerk to transmit the summons and USM-285 for Sergeant Weaver to the United States Marshals Service along with a copy of this order and a copy of the Complaint;

(4) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Sergeant Weaver;

(5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Sergeant Weaver respond, as provided for in the Federal Rules of Civil Procedure and Northern District of Indiana Local Rule 10.1, to the one claim for which the Plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 20, 2005.

s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT